UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KERMIT FRANCIS,<br>    *Petitioner*, | :<br>:<br>: |
| v. | :     No. 3:18-cv-847 (SRU) |
| COMMISSIONER OF CORRECTION,<br>    *Respondent*. | :<br>:<br>: |

## RULING ON MOTION TO DISMISS PETITION

On May 21, 2018, the petitioner, Kermit Francis, a prisoner currently confined at the MacDougall-Walker Correctional Institution in Suffield, Connecticut, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 1996 state convictions for murder and carrying a pistol without a permit, in violation of Conn. Gen. Stat. § 52a-54a and § 29-35. Pet., Doc. No. 1 at 2. In his petition, Francis raises two grounds for relief: (1) the trial court's exclusion of evidence that two of the state's witnesses were gang members violated his rights to due process, confrontation of witnesses, and a defense; and (2) trial counsel was ineffective in failing to investigate the state's confidential informant and present a third-party culpability defense. *Id.* at 9, 11.

On July 23, 2018, the respondent, the Commissioner of Correction, moved to dismiss the petition on two grounds: (1) the petition is time-barred under 28 U.S.C. § 2244; and (2) alternatively, Francis has not exhausted his state court remedies with respect to all claims raised in the petition. Comm'r Mot. to Dismiss, Doc. No. 18; Comm'r Mem. of Law in Supp. of its Mot. to Dismiss ("Comm'r Mem."), Doc. No. 18-1. Francis submitted a written opposition to the motion on October 17, 2018 contending that his petition is not time-barred, and even if it was, the statute of limitations should be tolled and the petition should be granted to avoid a

miscarriage of justice. Francis' Opposition to Comm'r's Mot. to Dismiss ("Francis' Opp'n"), Doc. No. 33. For the following reasons, the motion to dismiss is **granted**.

I.      Relevant Legal Principles

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") restricts the ability of prisoners to seek federal review of their state criminal convictions. *Smith v. McGinnis*, 208 F.3d 13, 15 (2d Cir. 2000). AEDPA provides a one-year statute of limitations for federal habeas actions filed by prisoners in custody pursuant to a state judgment. 28 U.S.C. § 2244(d)(1); *Murphy v. Strack*, 9 F. App'x 71, 72 (2d Cir. 2001). The one-year limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). A state habeas action or other form of post-conviction review tolls or interrupts the running of the limitation period. 28 U.S.C. § 2244(d)(2); *Smith*, 208 F.3d at 17. When the state post-conviction review terminates, the "clock restarts" and the limitation period resumes. *Holland v. Florida*, 560 U.S. 631, 638 (2010) (citing *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000)); *see, e.g., Thomas v. Werholtz*, 385 F. App'x 811, 813-14 (10th Cir. 2010) (limitations period ran for seven months until tolled by motion for new trial and resumed when state Supreme Court denied review); *Clark v. Barkley*, 51 F. App'x 332, 334 (2d Cir. 2002) (limitations period interrupted by *coram nobis* motion and resumed after denial of motion).

II.     Facts and Procedural History

The history of Francis' state criminal proceedings is not in dispute:

On December 23, 1996, Francis was convicted in state court of murder, carrying a pistol without a permit, and altering firearm identification marks, in violation of sections Conn. Gen. Stat. §§ 53a-54a, 29-35, and 29-36. Direct Appeal R., Comm'r App. A, Doc. No. 18-3 at 7; *State v. Francis*, 246 Conn. 339, 340-41 (1998), Comm'r App. F, Doc. No. 18-8. The trial court sentenced him to sixty years for the murder conviction and imposed concurrent five-year sentences for the firearms convictions. *Francis*, 246 Conn. at 341 n.5.

Francis appealed all three convictions, and on August 18, 1998, the Connecticut Supreme Court affirmed his convictions for murder and carrying a pistol without a permit but reversed and remanded for a new trial his conviction for altering firearm identification marks.[1] *Francis*, 246 Conn. 339. Because the five-year sentence for the alteration conviction ran concurrently with the sentence for murder, Francis remained subject to the sixty-year prison term. Mem. of Decision on Second Habeas Pet., Comm'r App. P, Doc. No. 18-18 at 2. Francis did not seek a petition for certiorari to the United States Supreme Court, and the state did not retry him for the alteration charge. *See* Appeal R. from Restored Habeas, Comm'r App. Q, Doc. No. 18-19 at 11, 28; Francis' Br. on Appeal from Restored Habeas, Comm'r App. R, Doc. No. 18-20 at 8, 10.

On January 10, 2000, Francis filed a petition for a new trial in state court. Pet. for New Trial, Comm'r App. H, Doc. No. 18-10. Judgment entered against Francis on October 16, 2000, and on March 21, 2001, the Connecticut Appellate Court granted the respondent's motion to dismiss Francis' appeal from that judgment. Appeal from Pet. for New Trial, Comm'r App. I,

---

[1] With respect to the altering of firearm identification marks conviction, the Supreme Court held that the trial court improperly instructed the jury on the mandatory presumption that possession of the firearm with an altered identification mark is prima facie evidence of guilt under the statute. *See Francis*, 246 Conn. at 352-56.

3

Doc. No. 18-11 at 2; *Francis v. State of Connecticut*, No. A.C. 21414, Comm'r App. K, Doc. No. 18-13 at 2.

While his appeal from the judgment on the petition for new trial was pending, Francis filed his first petition for writ of habeas corpus in state court, claiming that his criminal trial counsel, Attorney William Collins, was ineffective. *Francis v. Commissioner of Correction*, 182 Conn. App. 647, 650 (2018), Comm'r App. W, Doc. No. 18-25. Francis withdrew that petition, however, on February 5, 2003. Tr. from *Francis v. Warden*, No. CV01-0804771, Comm'r App. M, Doc. No. 18-15 at 29.

The withdrawal of the first habeas action prompted a second state habeas petition, which Francis filed on May 17, 2005. *Francis*, 182 Conn. App. at 650; Second Pet. for Writ of Habeas Corpus, Comm'r App. N, Doc. No. 18-16. In the second petition, Francis claimed that the attorney who represented him in his first habeas action, Attorney Frank Cannatelli, was ineffective in withdrawing the first petition. *Francis*, 182 Conn. App. at 650; Second Pet. for Writ of Habeas Corpus at 8. On April 15, 2008, the state court granted Francis' second petition and ordered that the initial petition, alleging ineffective assistance of trial counsel, be restored to the docket. *Francis*, 182 Conn. App. at 650; Mem. of Decision on Second Habeas Pet.

After a trial on the merits, the state habeas court denied the restored habeas petition, finding that trial counsel, Attorney Collins, was not ineffective in his representation of Francis at the 1996 criminal trial. *Francis*, 182 Conn. App. at 650; Appeal R. from Restored Habeas at 26. Once again, Francis appealed the decision, and on June 10, 2014, the Connecticut Appellate Court affirmed the state habeas court's judgment. *Francis v. Commissioner of Correction*, 150 Conn. App. 906 (2014), Comm'r App. T, Doc. No. 18-22.

While the appeal from the restored habeas action was pending, Francis filed a third state

habeas action, claiming that the attorney who represented him in his restored habeas action, Attorney Michael Day, was ineffective. *Francis*, 182 Conn. App. at 650. The state habeas court denied the third petition, and Francis appealed. *Id.* at 650-51. On June 12, 2018, the Connecticut Appellate Court affirmed the state habeas court's judgment on the third petition; *id.* at 656; and on September 12, 2018, the Connecticut Supreme Court denied Francis' petition for certification to review the Appellate Court's decision. *Francis v. Commissioner of Correction*, 330 Conn. 903 (2018).

On May 21, 2018, while his petition for certification to review was pending in the Supreme Court, Francis filed the instant federal petition for writ of habeas corpus.

III.     Analysis

The record reflects that the one-year statute of limitations began running on November 16, 1998, ninety days after the Connecticut Supreme Court issued its decision on direct appeal, the deadline for Francis to file a petition for certiorari to the United States Supreme Court. *See Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001) (AEDPA limitations period did not begin to run until expiration of time to seek review via petition for certiorari). Francis did not challenge his state convictions until January 10, 2000, fourteen months later, when he filed his petition for a new trial in state court. Moreover, another two years and three months elapsed between the withdrawal of his first state habeas petition on February 5, 2003 and the filing of his second state habeas petition on May 17, 2005. Thus, the record shows that the instant petition, which was not filed until May 21, 2018, is barred by the one-year statute of limitations period under section 2244(d)(1).

Francis argues that the limitations period began running on September 25, 2018, when he allegedly received a new mittimus from the state court dismissing the alteration of firearms

charge.[2] Francis' Opp'n at 3. He argues that the Connecticut Supreme Court reversed and remanded the alterations conviction on direct appeal, and he could not have filed an exhausted federal petition for writ of habeas corpus until the state elected not to retry him for the alterations charge. *Id.* at 3-4. Construing his opposition liberally, Francis is contending that the judgment of his conviction did not become final until the alteration charge was dismissed. I do not agree with Francis' contention.

Pursuant to section 2244(d)(1)(A), AEDPA's one-year statute of limitations runs from the date the judgment of conviction becomes final. "A judgment of conviction includes both the adjudication of guilt and the sentence." *Deal v. United States*, 508 U.S. 129, 132 (1993). "Final judgment in a criminal case means sentence. The sentence is the judgment." *Burton v. Stewart*, 549 U.S. 147, 156 (2007) (quoting *Berman v. United States*, 302 U.S. 211, 212 (1937)). A conviction becomes final, for purposes of a section 2254 petition, at the conclusion of direct review or the expiration of time for seeking such review. 28 U.S.C. § 2244(d)(1)(A); *Wesley-Rosa v. Kaplan*, 274 F. Supp. 3d 126, 130 (E.D.N.Y. 2017).

However, if on direct review, an appellate court reverses a conviction or sentence and remands to the lower court, the judgment of conviction becomes final when the lower court acts on remand and the time has passed for appealing the lower court's ruling. *See Jackson v. Apker*, 2007 WL 1987762, at *2 (E.D.N.Y. July 3, 2007) (quoting *Izzo v. United States*, WL 1026718, at *5 (E.D.N.Y. Apr. 14, 2006)); *see also Jones v. Lantz*, 2009 WL 82507, at *4 (D. Conn. Jan. 9, 2009) ("In the case of a re-sentencing or an amended sentence, it is the new sentence that is the judgment of sentence under which the defendant is being detained"). Nevertheless, the Second Circuit has held that if the remand is only for a "ministerial purpose," such as the correction of

---

[2] Francis has not attached to his opposition the "mittimus" he allegedly received on September 25, 2018.

6

language in the trial court's judgment, then the remand does not delay the finality of judgment because the trial court's ruling serves only to satisfy the high court's mandate and could not result in a valid second appeal. *See Burrell v. United States*, 467 F.3d 160, 164-65 (2d Cir. 2006); *see also United States v. Dodson*, 291 F.3d 268, 275 (4th Cir. 2002).

The Second Circuit has not fully addressed whether a state appellate court's order remanding the case for a new trial on one count of a multicount judgment of conviction resets the limitations period under AEDPA. In *Burrell*, the Second Circuit held that their remand directing the district court to (1) dismiss one of the defendant's convictions, for which he had received a concurrent life sentence, and (2) enter an amended judgment, was strictly ministerial and, therefore, did not delay the finality of the judgment. 467 F.3d at 166. In this case, however, the Connecticut Supreme Court's order reversing and remanding for a new trial one of Francis' convictions does not direct the trial court to take *any* action unless and until the state decides to retry Francis on that count. When the state elected not to retry Francis on the remanded count, there was nothing for the trial court to do other than to dismiss that remanded count along with the five-year concurrent sentence. It is inconceivable that such an action by the trial court would trigger a valid second appeal.

Courts in other circuits have addressed the issue of finality for purposes of habeas review in situations where a reviewing court has affirmed some convictions but remanded others. In *United States v. Wilson*, 256 F.3d 217, 218 (4th Cir. 2001), the petitioner was convicted of engaging in a continuing criminal enterprise ("CCE"), 21 U.S.C. § 848, conspiring to distribute crack cocaine, 21 U.S.C. § 846, and using or carrying a firearm during a drug trafficking offense, 18 U.S.C. § 924(c). He received concurrent life sentences on his CCE and conspiracy convictions and a consecutive sixty-month sentence for the firearms conviction. *Id.* On direct

review, the Fourth Circuit affirmed the CCE and firearms convictions but remanded the conspiracy count "with instructions to vacate his conviction (and its accompanying sentence) on that one count." *Id.* at 218-19 (quoting *United States v. Wilson*, 135 F.3d 291, 307 (4th Cir. 1998)). In determining the finality of the judgment for purposes of habeas review, the Fourth Circuit held that the vacation of the single conspiracy count did not delay collateral review of the other convictions. *Id.* at 220. Such a delay, according to the Fourth Circuit, would run afoul of Congress' intent under AEDPA to limit collateral review of stale claims. *Id.*

Similarly, in *Tran v. Thompson*, 2015 WL 7428539 (D. Mass. Nov. 20, 2015), the district court ruled that the state appellate court's decision vacating two of the petitioner's seven convictions and remanding the two vacated counts for a new trial did not delay the finality of the judgment for purposes of habeas review. Subsequently, the prosecution *nolled prossed* the two remanded counts. *Id.* at *1. In concluding that the judgment of conviction became final upon the expiration of the time period for seeking certiorari review of the state appellate court's decision affirming the five other convictions and sentences, the district court reasoned that the remand order did not permit the trial court to revisit the five convictions and sentences that were affirmed, and the habeas petition did not challenge those sentences. *Id.* at *3.

In *Dodson*, 291 F.3d 268, however, the Fourth Circuit held that its order delayed the finality of the judgment for purposes of habeas review when it vacated one of seven convictions and four of the seven sentences imposed and remanded the case for a new sentencing hearing by the district court. The *Dodson* Court reasoned that the remand was not ministerial because it required the district court to hold a sentencing hearing and exercise discretion in re-imposing a sentence and that a multicount indictment is deemed to constitute one single judgment of conviction which does not become final until there are convictions and sentences on all listed

counts. *Id.* at 274-76.

This case does not mirror any of the aforementioned cases regarding the finality of judgments involving a single remand. However, it more closely resembles *Wilson* and *Tran* because there is nothing in the record to indicate that the judgment of conviction entered by the trial court on December 23, 1996, affirmed in part, and reversed in part, by the Connecticut Supreme Court on August 18, 1998, and finalized on November 16, 1998 by the expiration of time to seek certiorari review by the United States Supreme Court, was ever amended. The Connecticut Supreme Court's remand gave the state the option of either retrying Francis on the alteration charge or dismissing the charge, and the state elected not to retry him. Although I recognize that a single judgment of conviction was entered for all counts, the remand did not direct the trial court to resentence Francis based on the vacated count, nor did it give the trial court any authority to revisit the other convictions and sentences.

Moreover, in *Jones*, 2009 WL 82507, at *5, this Court rejected the petitioner's contention that the trial court's denial of a motion to correct an illegal sentence resets the one-year statute of limitations under AEDPA because it constitutes a new "judgment." The Court ruled that the provisions of AEDPA, including the statute of limitations provision, is focused on the judgment that holds the petitioner in confinement, which in that case was the sentence entered immediately following his convictions, not the ruling on the motion to correct. *Id.*; *see also Ferreira v. Secretary, Dept. of Corrections*, 494 F.3d 1286, 1292 (11th Cir. 2007) ("judgment of a State court" which federal district must review in habeas petition filed under section 2254 refers to "the underlying conviction and most recent sentence that authorizes the petitioner's current detention"). Here, the only judgment on record, which authorizes Francis' current confinement, was entered on December 23, 1996. Although one of the convictions encompassed by that

9

judgment was subsequently reversed and remanded, there is nothing in the record to indicate that that judgment was ever amended.

Thus, I do not agree that vacating and remanding a single count in Francis' multicount judgment of conviction delays the finality of that judgment for purposes of habeas review. Based on the record here, the petition is time-barred.

Francis argues in the alternative that the statute of limitations should be equitably tolled because he had no access to a law library, and dismissing his habeas petition would constitute a miscarriage of justice because he is innocent of the crimes of which he was convicted. Francis' Opp'n at 5-7. "Courts within the Second Circuit consistently have held that lack of legal knowledge or legal assistance is not an extraordinary circumstance warranting equitable tolling." *Oliphant v. McGill*, 2011 WL 4434206, at *5 (D. Conn. Sept. 21, 2011); *see also Myles v. United States*, 2008 WL 5110971, at *3 (N.D.N.Y. Dec. 2, 2008) (lack of legal experience insufficient to warrant equitable tolling). Moreover, Francis has not presented any new and reliable evidence showing his actual innocence of the crimes of which he was convicted. *See Alaouie v. Ercole*, 2009 WL 2001741, at *4 (S.D.N.Y. July 9, 2009) (rejecting request for equitable tolling based on actual innocence). Therefore, Francis' request for equitable tolling of the statute of limitations is unwarranted.

IV. Conclusion

The motion to dismiss the federal habeas petition (Doc. No. 18) is **GRANTED**.[3] The clerk is directed to enter a judgment of dismissal and close this case. Accordingly, Francis' Motion to Stay (Doc. No. 6) and the Commissioner's Motion for Approval of Law Student Intern

---

[3] Because the Court agrees with the Commissioner of Correction that the petition is time-barred, it need not address the alternative argument that Francis has failed to exhaust his state court remedies with respect to all claims raised therein.

(Doc. No. 12) are **denied as moot**.

However, in light of the absence of Second Circuit precedent fully addressing the issue presented by the vacated and remanded conviction and its impact on the finality of the judgment under AEDPA, I conclude that reasonable jurists could debate whether the petition should have been resolved in a different manner. Accordingly, a certificate of appealability on whether the petition is time-barred will issue. The clerk is directed to issue a certificate of appealability, enter judgment, and close the case.

So ordered.

Dated at Bridgeport, Connecticut, this 15th day of March 2019.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge